586 F.Supp. 152 (1983)
George KUMPIS, etc., Plaintiff,
v.
Ted C. WETTERAU, et al., Defendants.
No. 83-0362C(3).
United States District Court, E.D. Missouri, E.D.
June 27, 1983.

MEMORANDUM
HUNGATE, District Judge.
This matter is before the Court on motions to dismiss the complaint, to strike, and for more definite statements.
In this securities fraud action, plaintiff seeks class certification for himself and all other purchasers of Wetterau, Inc., common stock from May 13, 1981, through September 26, 1981. The complaint alleges that during this time period the defendants, in concert and as officers and directors, issued misleading statements and failed to disclose material information regarding the company's future earnings and a tender offer made to Wetterau shareholders by Empire, Incorporated.
The complaint is in four counts. Count one is brought under § 10(b) of the Securities *153 Exchange Act (the Act), 15 U.S.C. § 78j(b) and SEC Rule 10b-5; count two under § 14(e) of the Act, 15 U.S.C. § 78n(e); count three under a common law fraud and misrepresentation theory; and count four under a common law theory of tortious interference with economic rights. The defendants are six current officers and directors of Wetterau, Inc., and John S. Brizendine, a former officer and director of Wetterau, Inc.
The current officers jointly move to dismiss the complaint on a variety of grounds.
These defendants initially argue that all four counts fail to state a claim because there is no allegation of a causal link between the alleged fraud and the alleged injury.
At paragraph 35 of the complaint, however, plaintiff alleges that:
Plaintiff purchased common stock of Wetterau during late August, 1981. In purchasing that stock, he relied, directly or indirectly, on the misrepresentations and omissions defendants had made and on the validity of the existing market price for Wetterau common stock which was artificially inflated by defendants' misrepresentations and omissions.
According to the complaint, by the time plaintiff bought his stock, defendants had issued misleading statements in Wetterau's 1981 annual report and first quarter 1982 fiscal report regarding the company's future earnings. In August of 1981, the same month plaintiff bought his stock, defendants are also alleged to have issued misleading statements regarding the possibility of a competing tender offer and to have withheld information that defendants themselves intended to buy off Empire. In light of these allegations, the Court cannot conclude, beyond doubt, that plaintiff could prove no causal nexus between his injury and defendants' acts. The motion to dismiss the complaint on this ground must therefore be denied. Conley v. Gibson, 355 U.S. 41, 45-47, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957).
The current officers also argue that the complaint should be dismissed because the alleged acts or omissions of the defendants do not constitute actionable fraud under any of the legal theories advanced in the pleadings. Defendants contend that plaintiff's allegations regarding the Empire tender offer fall within the rule that failures by management to disclose their "true" motivations, or failures properly to characterize a transaction cannot support a claim under the federal securities laws. See, e.g., Golub v. PPD Corp., 576 F.2d 759 (8th Cir.1978). In regard to plaintiff's allegations of misleading financial predictions, defendants argue that these were mere expressions of defendants' hopes for the company, not actionable under the federal securities laws.
At this threshold stage of the litigation, however, the Court is required to take plaintiff's allegations as true and to afford him the benefit of all reasonable inferences. Fusco v. Xerox Corp., 676 F.2d 332, 334 (8th Cir.1982). Viewed in this light, plaintiff alleges more than undisclosed motives and overly optimistic predictions. Plaintiff's complaint can be construed to allege that defendants intentionally misstated the likelihood of a more favorable tender offer, while knowing the same to be unlikely (complaint, ¶¶ 32, 33, and 34), and that they projected record earnings in bad faith, knowing earnings would probably decline (complaint, ¶¶ 22-29). The situation is thus different from that in Golub, supra, where defendants had truthfully disclosed all material facts. Although the line is somewhat fine, the Court cannot conclude that plaintiff could not come forward with proof that defendants intentionally made statements which, under the circumstances, amounted to falsehoods. The motion to dismiss must therefore be denied.
The current officers finally argue that the complaint should be dismissed for failure to plead fraud with particularity, as required by Rule 9(b), Fed.R.Civ.P. Defendants assert that the rule requires plaintiff to identify individual actions by defendants, to plead facts showing defendants' *154 scienter, to identify the particular documents containing the alleged misstatements, and specifically to plead how plaintiff relied on the misstatements or admissions.
The purpose of Rule 9(b), however, is only to insure that allegations of fraud are made in good faith and to provide defendants with sufficient notice to prepare a responsive pleading. 5 Wright & Miller, Federal Practice and Procedure § 1298 (1969). Viewing the complaint as a whole, it is the opinion of this Court that the purposes of Rule 9(b) have been met. The motion to dismiss on this basis will also be denied.
Defendants move in the alternative for a more definite statement. As discussed above, however, the Court finds that the complaint is not so vague or ambiguous that defendants could not reasonably be required to frame a responsive pleading. See Rule 12(e), Fed.R.Civ.P. Even in a fraud case, defendants are not entitled to a pleading containing every evidentiary detail of plaintiff's claim. The ascertainment of some facts must await discovery. The alternative motion for a more definite statement will therefore be denied.
Defendant John S. Brizendine separately moves to dismiss, to strike, or for a more definite statement. To the extent that Brizendine's motion incorporates the arguments of the other defendants, it will be denied for the reasons discussed above.
Brizendine separately asserts that the "insider trading" claims against him should be dismissed. The complaint alleges that Brizendine sold over 75,000 shares of Wetterau, Inc., stock based on his knowledge of undisclosed insider information "within a few days" of August 24, 1981. Plaintiff is alleged to have bought his stock in late August, 1981.
Brizendine relies on Fridrich v. Bradford, 542 F.2d 307 (6th Cir.1976) to argue that plaintiff cannot recover on his insider trading claim because plaintiff bought stock on the open market, and not directly from defendant or in direct reliance on defendant's sale. Defendant also argues that even under the less restrictive "contemporaneous trading" rule expressed in such cases as Wilson v. Comtech Telecommunications Corp., 648 F.2d 88 (2d Cir. 1981), the complaint pleads insufficient facts to show that plaintiff bought stock contemporaneously with defendant's sale.
It appears to this Court, however, that the Court of Appeals for the Eighth Circuit would not hold plaintiff to the strict causation standard of Fridrich, supra. In Leventhall v. General Dynamics Corp., 704 F.2d 407 (8th Cir.1983), the court impliedly recognized that the causal nexus requirement goes at least as far as the contemporaneous trading rule:
Had plaintiff been contemporaneously trading in the same market, that is, buying and selling common stock at the same time defendant was trading, there would arguably exist a transactional nexus that defendant had profited through the purchase of stock, whereas plaintiff contemporaneously had sustained a loss through the sale of his stock due to the imbalance of information. The legal justification for liability of the corporate insider to the outside uninformed investor is that if the insider trades on the basis of the inside information it may profit at the expense of outside investors who are disadvantaged in the same or similar transaction by lack of the inside information. Thus, in this hypothetical transaction there is a direct nexus between the defendant's gain and the plaintiff's loss.
Id. at 412.
Further, the Court cannot conclude on the basis of the complaint that plaintiff might not fall within the parameters of such a rule. Defendant's arguments that even if plaintiff could be considered a contemporaneous trader, members of the asserted class could not, must await a fuller factual record and determination of the class action issue. The motion of defendant Brizendine to dismiss, to strike, or for a more definite statement will also be denied.